## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

|  |  |
|---|---|
| OXFORD HOUSE, INC.,<br>a Delaware not for profit corporation<br>1010 Wayne Avenue<br>Silver Spring, Maryland 20910 | ) )<br>)<br>)<br>)<br>) |
| DANJEAN CAUSEWAY, LLC<br>a Louisiana limited liability corporation<br>39417 Lakeland Avenue<br>Prairieville, Louisiana 70769 | )<br>)<br>)<br>)<br>) |
| GLENDA K. ROY<br>P.O. Box 82702<br>Baton Rouge,  Louisiana | )<br>)<br>)<br>) |
| and | )<br>) |
| RAYMOND K. ROY<br>P.O. Box 82702<br>Baton Rouge, LA | )<br>)<br>)<br>) |
|  | )    CIVIL ACTION NO. 3:11-cv-00391 |
| Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| CITY OF BATON ROUGE, LOUISIANA,<br>a Louisiana municipal corporation | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT

## PRELIMINARY STATEMENT

In this fair housing action, plaintiffs, Oxford House, Inc., Danjean Causeway, LLC,

and Raymond K and Glenda M Roy  claim that Defendant, City of Baton Rouge, Louisiana

("City") has interfered with operation and occupancy of dwellings for disabled persons recovering from alcoholism and substance abuse, in violation of the federal Fair Housing Act and the Americans with Disabilities Act. Danjean Causeway, LLC owns a single-family dwelling which, is being used as an Oxford House. Raymond K and Glenda Roy also own a single-family dwelling, which is being used as an Oxford House. Specifically, this action challenges the City's refusal to grant the Plaintiffs a reasonable accommodation to permit up to eight recovering substances abusers to live in dwellings located in single-family residential zones within the City.  The City grants reasonable accommodations to group homes that are classified as "Special Homes" a type of housing for developmentally disabled persons, which are licensed by the State of Louisiana and provides 24 hour staffing.   Upon receiving a reasonable accommodation from the City "Special Homes" are allowed to exist in single family zoning districts.  Oxford Houses -- which are democratically run, financially self supported, and immediately expels any resident who resumes the use of alcohol or drugs -- are not licensed by the State of Louisiana, and does not provide any staffing.  The City has refused as a reasonable accommodation a waiver of the licensing and staffing requirements, and has instead commenced an action for injunctive relief in state court to enjoin the use of the two properties as Oxford Houses on the basis that there are more than two unrelated persons residing in the homes.

The Plaintiffs also seek declaratory, temporary, preliminary and permanent injunctive relief to enjoin the Defendants' conduct, as well as monetary damages, costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

2

1.      This Court has subject matter jurisdiction over this action under 28 U.S.C. Sections 1331 and 1343, 42 U.S.C. Section 3613, and 42 U.S.C. Section 12133.

2.      Declaratory and injunctive relief is sought pursuant to 42 U.S.C. 3613(c)(1) and 42 U.S.C. Section 12133, as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

3.      Venue is proper in the United States District Court for the Middle District of Louisiana as all acts complained of occurred within this District.

**PARTIES**

4.      Plaintiff, Oxford House, Inc. ("OHI") is a Delaware not for Profit Corporation, with a principal place of business in Silver Spring, Maryland.  Oxford House, Inc. is an umbrella organization serving all individual Oxford Houses throughout the United States, and has exclusive authority for chartering individual Oxford Houses.  It assists in the establishment of affordable housing and supports to individuals with disabilities including those who are recovering from substance abuse and/or alcoholism located at 4224 Drusilla Lane and 1858 Shawn Drive, Baton Rouge, Louisiana. All Oxford Houses are required to follow three rules: each chartered Oxford House must  (1) be financially self-supported,  (2) be democratically run, and (3) immediately expel anyone who relapses into drug and/or alcohol use.

5.      Plaintiff, Danjean Causeway, LLC is a Louisiana limited liability corporation.  It owns a single family dwelling located at 4224 Drusilla Lane, Baton Rouge, LA, which is being rented as an Oxford House for women in recovery from alcoholism and substance abuse.

6.      Plaintiffs, Raymond K. Roy and Glenda M. Roy are married and own a single family dwelling located at 1858 Shawn Drive, Baton Rouge, LA, which is being rented as an Oxford House for women.

7.      Defendant, City of Baton Rouge, Louisiana, is a municipal corporation organized and existing pursuant to the laws of the State of Louisiana.  The Town is responsible for the acts of its agents and employees, and is responsible for the enforcement of its zoning, building and property maintenance codes.  The City is a public entity under the Americans with Disabilities Act, 42 U.S.C. 12131.

## STATUTORY AND REGULATORY FRAMEWORK

8.      In 1988, Congress amended the Fair Housing Act, 42 U.S.C. Section 3601 et seq., to extend the guarantee of fair housing to handicapped individuals.  Congress also authorized the Secretary of the United States Department of Housing and Urban Development to promulgate regulations to implement the Fair Housing Act.  42 U.S.C. Section 3614a.

9.      Under the Fair Housing Act, the term "handicap" means, with respect to a person, a "physical or mental impairment which substantially limits one or more of such person's major life activities, a record of such an impairment, or being regarded as having such an impairment." 42 U.S.C. Section 3602(h).  The term "physical or mental impairment" includes "alcoholism" and "drug addiction (other than addiction caused by current, illegal use of a controlled substance)."  24 C.F.R. Section 100.201.

10.     Under the Fair Housing Act, it is unlawful to discriminate against or otherwise make unavailable or deny a dwelling to any buyer or renter because of a handicap of that buyer, renter, or person residing in or intending to reside in that dwelling after it is sold, rented, or made available.  42 U.S.C. Section 3604(f)(1).

11.     The Fair Housing Act further provides that it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of  the  handicap of

that person or persons residing in or intending to reside in that dwelling after it is sold, rented, or made available.  42 U.S.C. Section 3604(f)(2).

12.     The federal regulations implementing the Fair Housing Act specifically prohibit, as a discriminatory activity, providing municipal services differently because of handicap.  24 C.F.R. 100.70 (d)(4).

13.     The federal regulations implementing the Fair Housing Act further make it unlawful, because of  handicap, "to restrict or attempt to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, buying or renting a dwelling so as to . . . discourage or obstruct choices in a community, neighborhood or development."  24 C.F.R. Section 100.70(a).

14.     The American with Disabilities Act requires that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity, or be subjected to discrimination by any such entity.  42 U.S.C. Section 12132.

15.     The federal regulations implementing the Americans with Disabilities Act prohibit a public entity from administering a licensing program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability, nor may a public entity establish requirements for the programs or activities of licensees that subject qualified individuals with disabilities to discrimination on the basis of disability.  28 C.F.R. Section 35.130(6).

16.     The federal regulations implementing the Americans With Disabilities Act also make it unlawful for a public entity, in determining the site or location of a facility, to make selections that have the purpose or effect of excluding individuals with disabilities from, denying

them the benefits of, or otherwise subjecting them to discrimination.  28 C.F.R. Section

35.130(4)(I).

**STATEMENT OF FACTS**

**I.      4224 DRUSILLA LANE**

17.      In 2001, the State of State of Louisiana contracted with Oxford House, Inc.  to

open Oxford Houses throughout the state.  The contract has been renewed on yearly basis since it

was originally entered.

18.      One of the purposes of the contract was to provide a cost-effective means of

providing a disciplined, supportive open-ended alcohol and drug-free environment for recovering

individuals.   The Louisiana Oxford Houses are intended to serve men and women that have

completed detoxification and short-term substance abuser treatment or have discharged from a

correctional facility with a history of drug and/or alcohol addiction.

19.      Since 2001, there have been 60 Oxford Houses opened throughout the State of

Louisiana.

20      On or about November, 2010, Plaintiff, Danjean Causeway, LLC rented 4224

Drusilla Lane to Oxford House-Drusilla for use as an Oxford House to provide safe and sober

housing for a maximum of nine (9) women.

21      Upon information and belief, 4224 Drusilla Lane is located is a single family

zoning district within the City of Baton Rouge.

22.      The residents 4224 Drusilla Lane, known as Oxford House-Drusilla, have access

to the entire house and all of the household facilities, and live in each house as any other group

of unrelated persons functioning as a single housekeeping unit.   The residents of each house

share all household responsibilities. The residents live together purposefully to create a "family"

6

atmosphere, where all aspects of domestic life are shared by the residents.  There are no special locks on the doors of the bedrooms.

23.     Upon information and belief, on or about January, 2011, neighbors of 4224 Drusilla Lane complained to City officials that recovering alcoholics and recovering substance abusers were residing at the premises.

24.     On or about February 2, 2011, the City through Assistant Parish Attorney, Maimuna Magee sent a letter to Plaintiff, Danjean Causeway, LLC that the City had received complaints that more than two (2) unrelated persons were residing at 4224 Drusilla Lane in violation of the City's Unified Development Code, and that this was prohibited in an A-1 zone.

25.      The letter from Ms. Magee, dated February 2, 2011 further stated that Danjean Causeway, LLC had ten (10) days to correct the violation or the City would take legal action to force compliance.

26.     On or about February 4, 2011, Steven Polin, General Counsel for Oxford House, Inc. sent a letter to Ms. Magee wherein he requested that the City make a reasonable accommodation pursuant to the federal Fair Housing Act by waiving the number of unrelated persons that could reside together as a family.   It was also requested that the City treat the use of 4224 Drusilla Lane as a single-family use and the residents as the functional equivalent of a family.

27.     On or about February 24, 2011, Assistant Parish Attorney Magee responded to Oxford House's request for a reasonable accommodation by directing it to file an application for a reasonable accommodation with the City of Baton Rouge's Planning Commission.

28.     On or about February 26, 2011, Oxford House through its General Counsel, Steven Polin, sent a letter to Tiffany Johnson, Land Use and Zoning Coordinator for the Planning

Commission and requested that the City of Baton Rouge make a reasonable accommodation in the application of its zoning code.  Specifically, it was requested that the City waive the number of unrelated persons that could reside together as a family.  It was also requested that the City treat the use of 4224 Drusilla Lana as a single-family use and the residents as the functional equivalent of a family.

29.     On or about February 28, 2011 Ms. Johnson advised Mr. Polin that Oxford House was required to use one of the City's forms to request a reasonable accommodation.  She further advised Mr. Polin that the form could be found at the Planning Commission's website.

30.     On or about March 17, 2011, the City of Baton Rouge commenced a legal action in state court seeking injunctive relief against Danjean Causeway, LLC for violation of the City's Unified Land Development Code for having more than two unrelated persons residing in an A-1 zone.   The case is styled "City of Baton Rouge/Parish of East Baton Rouge v. Danjean Causeway, LLC" in the 19th Judicial District Court, Parish of East Baton Rouge, Case Number 600130, Section 27.  A hearing on the City's motion is scheduled for June 13, 2011.

31.     On or about March 23, 2011, Oxford House, Inc. submitted its request for a reasonable accommodation on the form required by the Planning Commission.     `

32     The Form, A-9, is titled, Reasonable Accommodation for a Group Home.   A "group home is defined as follows:

**Special Homes** are those buildings, other than institutions, operated by a person or persons, society, agency, corporation, institution or group licensed by the State wherein developmentally disabled persons are housed under the direct care of responsible adult persons on a twenty-four-hour basis to assure that a responsible adult is on premises at all times in case of emergency; and such buildings and premises shall

8

meet all city-parish building codes, fire codes and zoning ordinance requirements and state fire marshal requirements prior to the issuance of any State permits for occupancy and/or operation. Special homes shall not include pilot juvenile diagnostic development centers for at risk youths as established by the Department of Health and Hospitals of the State of Louisiana

33.     The "Special Home" ordinance also recognizes that residents of these homes are handicapped as that term is defined by the Federal Fair Housing Act.  It states the following:

Special homes for the handicapped (within the federal Fair Housing Act definition of "handicapped") are permitted uses in all residential zones where they are not permitted as of right, notwithstanding any zoning requirements inconsistent therewith, in all cases where granting permission for such use would be a "reasonable accommodation under the federal Fair Housing Act. A permit for such use will be granted by the City-Parish along with any provisions of the zoning ordinance that would otherwise prohibit such use will not be enforced, provided that the requested accommodation is reasonable. In determining whether a request for such a permit is reasonable, the City-Parish will consider the following:

Whether the proposed special home for the handicapped would cause a "fundamental change," as interpreted by applicable decisions construing the federal Fair Housing Act in the City-Parish's zoning;

Whether the proposed facility's violation of otherwise applicable zoning rules is "necessary," because of:

The economics of its operation,

The need for residential opportunities for handicapped persons, or

9

Any other reason constituting 'necessity' under applicable federal law; and

Whether the proposed facility would cause any undue financial or administrative burden on the City-Parish.

Parties seeking a reasonable accommodation must submit to the City-Parish Planning Commission staff information addressing these issues on forms supplied by the City-Parish. If the City-Parish has not issued a decision either granting or denying such request within 45 days of the filing of a completed application, the request will automatically be deemed granted, and the facility as described in the application will be allowed to begin its operations.

34.    The reasonable accommodation application requires the applicant to provide among other things a  description of the types of "Developmental Disabled Persons" intending to reside at the location; the number of  employees that will be on duty; a description of the physical alterations to make the house and yards suitable for the proposed use; and the state license number.

35.    Oxford House advised the Planning Commission in the completed form for its request for a reasonable accommodation that it did not have a state license, nor was it required to have a state license.  Oxford House also advised the Planning Commission that there is no staff or house manager at Oxford House-Drusilla.

36.    On or about April 7, 2011, Ms. Johnson informed Oxford House that its request for a reasonable accommodation had been denied by the Parish Attorney.  She stated that the reasons for the denial were that the application was not complete because it did not include a state license.  In addition she advised Oxford House that "Special Homes" were required to provide direct care or supervision by a responsible adult person on a twenty-four hour basis.

37.     On or about April 22, 2011, Oxford House sent a letter to Ms. Johnson requesting reconsideration of the City's denial of its reasonable accommodation application.  In requesting reconsideration, Oxford House specifically stated that it was not seeking to be treated as a "Special Home" but as a family and that the use of 4224 Drusilla Lane as a single family use. Oxford House advised Ms. Johnson that these requests were specifically incorporated into its reasonable accommodation application.    Oxford House, in requesting reconsideration of the denial, specifically requested a waiver of the licensing and 24-hour staffing requirements which had been applied to Oxford House and that it be treated the same as "Special Homes" for reasonable accommodation purposes.

38.     The City has not responded to Oxford House's request for reconsideration of its denial of the request for a reasonable accommodation

39.     On or about June 1, 2011, Counsel for Oxford House had discussions with members of the Parish Attorney's office concerning the reasonable accommodation request and the pending hearing in state court.  It was requested that the City make available a process where Oxford House could obtain the same zoning benefit as "Special Homes" through a similar reasonable accommodation process.   In addition, Oxford House requested that the hearing scheduled in state court for June 13, 2011 be stayed or continued until these issues could be worked out.  The City advised Oxford House it would provide a written response to these requests with zoning suggestions as to how Oxford House could be permitted to exist legally at 4224 Drusilla Lane.

40.     On or about June 6, 2011, in a letter attachment in an email from Joseph Scott, Assistant Parish Attorney to Steven Polin, Oxford House advised that the City did not have any evidence that the residents of Oxford House-Drusilla were handicapped as defined by the federal

11

Fair Housing Act; that it would not treat the residents as a family; that the only reasonable accommodation available to Oxford House was to apply for spot zoning or relocate to a more appropriate zoning district; and that the City would go forward on its state court complaint.

### B.    1858 SHAWN DRIVE

41    On or about March 1, 2011, Plaintiffs Raymond K. Roy and Glenda M. Roy rented 1858 Shawn Drive Oxford House-Shawn for use as an Oxford House to provide safe and sober housing for a maximum of nine (8) women.

42.    On or about May 12, 2011, the City of Baton Rouge commenced a legal action in state court seeking injunctive relief against Raymond K. Roy and Glenda M. Roy for violations of the City's Unified Land Development Code for having more than two unrelated persons residing in an A-1 zone.  The case is styled "City of Baton Rouge/Parish of East Baton Rouge v. Raymond K. Roy and Glenda M. Roy" in the 19th Judicial District Court, Parish of East Baton Rouge, Case Number 601697, Section 26.  A hearing on the City's motion is scheduled for August 22, 2011.

43.    On or about May 27 2011, Steven Polin, General Counsel for Oxford House, Inc. sent a letter to Mianuma Magee, Assistant Parish Attorney wherein he requested that the City make a reasonable accommodation pursuant to the federal Fair Housing Act by waiving the number of unrelated persons that could reside together as a family.   It was also requested that the City treat the use of 1858 Shawn Drive as a single-family use and the residents as the functional equivalent of a family.   It was also requested that the City hold in abeyance prosecution of the City's petition for injunctive relief in abeyance pending the outcome of a housing discrimination complaint Oxford House filed against the City for its refusal to grant a request for a reasonable accommodation for 4224 Drusilla Lane.   Finally, Oxford House

requested that the requirements for a reasonable accommodation for "Special Homes,," i.e. licensing by the state and 24-hour staffing, be waived.

44.     On or about May 31, 2011,Tiffany Johnson-Wells, Land Use & Zoning Coordinator, East Baton Rouge Planning Commission, sent Mr. Polin an email and advised him to go to the Planning Commission website and obtain a reasonable accommodation application.

45.     On or about May 31, 2011, Mr. Polin responded to the Johnson-Wells email with Ms. Magee copied on it, and inquired as to whether the reasonable accommodation for Oxford House-Shawn would be summarily rejected since it was neither licensed by the State of Louisiana nor provides 24 hour staffing.

46.     On or about May 31, 2011, Ms. Johnson-Wells responded to Mr. Polin in an email that he should contact the Parish Attorney Office to discuss the matter.

47.     On or about May 31, 2011, Ms. Magee contacted Mr. Polin in an email and requested that he participate in a telephone conference on June 1, 2011 to discuss this matter and "come to a clear understanding of your position in regards to all the Oxford House locations.

48.     On or about June 1, 2011 a telephone conference call took place between Mr. Polin and Ms. Magee, Assistant Parish Attorney Joseph Scott and Senior Special Assistant Parish Attorney Cynthia Bohrer as described in Paragraph 39.

49.      Based on the position of the City during the conversation and the letter sent to Mr. Polin as described in paragraph 40, Oxford House has not submitted a request for a reasonable accommodation using the form provided by the City as it would be futile to do so.

50.     The effect of Defendant's actions has been to prevent the Plaintiffs from residing at the dwelling of their choice or in any other home zoned for single-family use in the City of Baton Rouge.

51.     Plaintiffs are aggrieved persons as they are disabled persons or associated with disabled persons under the Fair Housing Amendments act of 1988, 42 U.S.C. Section 3602(d) and (I) who have been injured by Defendant's discriminatory conduct and have suffered damages, economic loss and a loss of civil rights as a result of the Defendant's conduct.

52.     4224 Drusilla Lane and 1858 Shawn Drive are dwellings within the meaning of section 802(b) of the Fair Housing Act, 42 U.S.C. Section 3602(b).

53.     The effect of the City of Baton Rouge's actions is to deny needed housing opportunities to recovering alcoholics and substance abusers within the City of Baton Rouge.

54.     The effect of the conduct of the City of Baton Rouge is to limit the housing opportunities of unrelated disabled persons by denying them the right to live together as a group in any residential zoning district in within the City.

55.     The City of Baton Rouge is treating the residents of the aforementioned dwellings in a discriminatory fashion, and is imposing far more stringent fire, zoning, building, property maintenance and land use requirements on this group of unrelated disabled individuals living together than it imposes upon individuals living together who are related by blood or marriage or other groups of unrelated disabled persons.

56.     By arbitrarily and illegally classifying the premises described as something other than a single family use the City of Baton Rouge is making single family housing unavailable to persons recovering from drugs and alcohol addiction who reside in dwelling that are neither licensed by the State of Louisiana nor provides 24-hour staffing

57.     The City of Baton Rouge has acted under color of state law in failing to affirmatively further fair housing in its code enforcement activities with the purpose and effect of discriminating against Plaintiffs solely because of their handicap, and applying those codes so as

14

to deny Plaintiffs the residential opportunities available to persons related by blood, marriage or adoption, or other groups of similarly situated unrelated disabled persons.

58.     Plaintiffs are living in fear of losing their home and are suffering anxiety, emotional distress, pain, setbacks in their efforts at recovery, and other irreparable harm as a result of Defendant's actions.  They have no adequate remedy at law.

59.     The City of Baton Rouge has denied Plaintiffs due process of law by the arbitrary manner in which it has classified the premises occupied by the Plaintiffs as something other than a single family use and is seeking to use its municipal powers to force the plaintiffs from living within residential zones within the City of Baton Rouge.

60.     The City of Baton Rouge has failed to affirmatively further fair housing in the administration and application of its zoning, building, property maintenance and life safety codes.

61.     The City of Baton Rouge has utilized its municipal services to threaten, intimidate, harass and coerce the Plaintiffs after they have exercised their rights under the federal Fair Housing Act.

62.     The City is intentionally and maliciously harassing, intimidating and interfering with the plaintiffs and persons associated with the plaintiffs with the intent of preventing from Oxford House-Drusilla and Oxford House-Shawn from existing in single-family neighborhoods.

## VI.     CLAIMS FOR RELIEF

### COUNT I

### FAIR HOUSING ACT

63.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 62 above.

64.     Defendant, The City of Baton Rouge, is violating Plaintiffs' rights under the Fair Housing Act, 42 U.S.C. Sections 3601, *et. seq*, and its implementing regulations by:

a.      denying and otherwise making housing unavailable to the Plaintiffs because of their disability;

b.      using the City's zoning, property maintenance and building codes as a pretext to exclude the Plaintiffs because of their disability;

c.      enforcing discriminatory zoning, property maintenance and building rules and policies on the Plaintiffs because of their disability;

d.      interfering with the right of the Plaintiffs to live in the dwelling of their choice;

e.      failing to make reasonable accommodations in its zoning, building and property maintenance codes so as to afford the Plaintiffs an equal opportunity to use and enjoy the aforementioned dwelling; and,

f.      retaliating against Plaintiffs because of their exercise their fair housing rights.

## COUNT II

## AMERICANS WITH DISABILITIES ACT

64.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 63 above.

65.     The Plaintiffs, Oxford House, Inc., Danjean Causeway, LLC, Raymond K. Roy and Glenda M. Roy are associated with, and/or providing housing to people with disabilities as defined in 42 U.S.C.  12102(2).

66      The Defendant, The City of Baton Rouge, Louisiana, is a public entity under 42 U.S.C. 12131(1).

67.     The actions of the Defendant, The City of Baton Rouge, Louisiana, to exclude 4224 Drusilla Lane and 1858 Shawn Drive from residential zones violate the rights of the Plaintiffs under the Americans With Disabilities Act, 42 U.S.C. 12132 *et. seq*., and the regulations promulgated thereunder by:

a.      denying the individual Plaintiffs who are in recovery from alcoholism and substance abuse those in recovery the opportunity to participate in or benefit from the supportive housing program offered by Oxford House, Inc.;

b.      using land use, building and property maintenance ordinances and methods of administering those ordinances with the purpose of subjecting the Plaintiffs to discrimination on the basis of their handicap;

c.      subjecting the Plaintiffs, on the basis of their disability, to discrimination;

d.      denying the individual residents of Oxford House-Drusilla and Oxford House-Shawn, those in recovery, an opportunity to participate in a program in the most integrated setting appropriate to their needs;

e.      denying the individual Plaintiffs and people with disabilities an equal opportunity to participate in or benefit from services and programs equal to those of people without disabilities;

f.      utilizing licensing and permit requirements to provide municipal code enforcement services that are not equal to groups of related non-disabled persons and groups of unrelated disabled persons who are not recovering alcoholics and drug addicts;

g.      utilizing licensing and permit requirements, a requirement not imposed upon other groups of related or unrelated non disabled persons, to deny Plaintiffs because of the handicap of the residents of Oxford House-Drusilla and Oxford House-Shawn, the enjoyment of any rights.

## RELIEF SOUGHT AS TO ALL COUNTS

**WHEREFORE**, Plaintiffs pray that the Court award them the following relief:

1.       Enter a temporary restraining order and/or preliminary and permanent injunctions restraining Defendant, City of Baton Rouge, Louisiana from taking actions either directly or indirectly which would interfere in any way with Plaintiffs' current use of the dwelling located at4224 Drusilla Lane and 1858 Shawn Drive, Baton Rouge,  Louisiana;

2.       Enter a declaratory judgment that Defendant, The City of Baton Rouge, Louisiana has illegally discriminated against Plaintiffs by arbitrarily and capriciously applying it zoning, building and property maintenance codes to the occupancy of4224 Drusilla Land and 1858 Shawn Drive by groups of recovering alcoholics and addicts, thereby interfering with the Plaintiffs' equal opportunity to use and enjoy a dwelling on the basis of handicap, in violation of the Fair Housing Act and the Americans with Disabilities Act;

3.       Enter a temporary restraining order and/or preliminary and permanent injunctions enjoining Defendant, the City of Baton Rouge, its officers, employees, agents, attorneys and successors, and all persons in active concert or participating with any of them, from interfering with the operation of4224 Drusilla Lane and 1858 Shawn Drive as a home for recovering alcoholics and substance abusers, and/or from interfering in any way with the rights of the Plaintiffs to reside in those premises;

4.       Enter a temporary restraining order and/or preliminary and permanent injunctions enjoining The City of Baton Rouge, its officers, employees, agents, attorneys and successors, and all persons in active concert or participating with any of them from actively assisting the Defendant, in it  efforts to interfering with the rights of recovering alcoholics or substance abusers to reside at 4224 Drusilla Land and 1858 Shawn Drive

5.      Enter an order declaring that Plaintiffs' use of 4224 Drusilla Lane and 1858 Shawn Drive as an Oxford House is consistent with classification of the premises as a single family dwelling, and requiring The City of Baton Rouge to apply all zoning, safety, property maintenance and building codes to Plaintiffs' use of 4224 Drusilla Lane and 1858 Shawn Drive in the same manner as it does to all other single family dwellings and to Special Homes when it has granted those homes a reasonable accommodation;

6.      Enter a temporary restraining order and/or preliminary injunction enjoining the City from denying unlicensed and unstaffed housing for disabled persons from being denied the same housing opportunities as housing for disabled persons that is licensed by the State of Louisiana and providing 24 hours staffing.

7.      Enter an order declaring the "Special Home" ordinance to be in violation of the Federal Fair Housing Act as it does not make a reasonable accommodation for groups of unrelated disabled persons that live in a housing program that is not licensed by the State of Louisiana and does not provide 24 hour staffing.

8.      Award compensatory damages;

9.      Grant an award of reasonable costs and attorneys fees; and,

10.     Order other such other relief as the Court deems just and proper.

Respectfully submitted,


 /s/ Morgan Williams
MORGAN WILLIAMS
Louisiana Bar No. 31564
GREATER NEW ORLEANS FAIR HOUSING
ACTION CENTER
404 South Jefferson Davis Parkway
New Orleans, LA 70119
Tel: (504) 208-5070
Fax: (504) 708-2476
Email:  mwilliams@gnofairhousing.org




Of Counsel:

STEVEN G. POLIN
3034 Tennyson Street, NW
Washington, D.C. 20015
(202) 331-5848
(202) 537-2986
spolin2@earthlink.net