UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**OXFORD HOUSE, INC., et al**     CIVIL ACTION

**VERSUS**                         NUMBER 11-391-JJB-DLD

**CITY OF BATON ROUGE**

## ORDER

This matter is before the court on a referral from the district court of the following motions:

1. Defendant's motion for leave to file discovery in excess of statutory limits (rec.doc. 54). Plaintiffs opposed the motions (rec.doc. 56), and defendant replied to the opposition (rec.doc. 60).

2. Defendant's motion to compel production of discovery and motion for sanctions for failure to respond. (rec.doc. 61). The motion is opposed (rec.doc. 67)

3. Defendant's third motion for leave to extend or reset discovery and motions deadlines. (rec.doc. 77)

*Background*

Plaintiff, Oxford House, Inc. ("Oxford") is a non-profit, umbrella organization serving all individual Oxford Houses throughout the United States, and has exclusive authority for chartering individual Oxford Houses, including the two residences at 4224 Drusilla Lane, owned by plaintiff Danjean Causeway, LLC ("Danjean") and 1858 Shawn Drive, owned by plaintiffs Raymond K. And Glenda M. Roy ("Roys") Both single family dwellings are rented as Oxford Houses for women in recovery from alcoholism and substance abuse. (rec.doc. 1)

Defendant, The City of Baton Rouge ("the City"), has established zoning requirements for single family homes, and grants reasonable accommodations to group

homes that are classified as "Special Homes," which is defined as housing for developmentally disabled persons that are licensed by the State of Louisiana and provide 24-hour staffing, and includes handicapped persons as defined under the Fair Housing Act.

Plaintiffs filed the instant suit, claiming violations of the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983 with regard to the City's enforcement of a single family zoning restrictions with regard to these two residences. (rec.docs. 1,11, and 47) A preliminary injunction is in place at this time, barring defendan's enforcement of the restrictions. (rec.doc. 41)

### *1. Motion for Discovery in Excess of Statutory Limits*

Defendants propounded interrogatories to plaintiffs, and plaintiff Oxford objected to some of the interrogatories on the grounds that they exceeded the number of interrogatories allowed under the federal rules because of the number of discrete sub-parts contained within the interrogatories, and Oxford only answered the first 25 interrogatories. Oxford's objections to the number of interrogatories are well founded as it is clear that the discrete sub-parts at issue here could stand independently of the main interrogatories and therefore count as additional interrogatories. *See, e.g. Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D.Nev. 1997); *and New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, 2008 WL 2620727 (S.D. Fla. 2008).

Further, Oxford's objections to the interrogatories as duplicative also are well founded. The court therefore finds that Oxford's responses to this set of interrogatories are sufficient.

Defendant next argues that if this court finds that the present interrogatories exceeded the amount allowed, that it should be allowed to propound the additional

interrogatories contained in the original set of interrogatories as well as to propound additional interrogatories due to the complexity of this case. The court disagrees with the characterization of this case as a complex one, but will grant defendant's motion for leave to propound additional interrogatories in part, and allow defendant one opportunity to propound ten (10) additional interrogatories. Oxford may also propound ten (10) additional interrogatories, if it so chooses.

## 2. *Motion to Compel Responses to Requests for Production and for Sanctions*

Defendant propounded requests for production of documents on April 27, 2012, and filed the instant motion when responses were not forthcoming. Plaintiffs state that, due to the issues surrounding the excess number of interrogatories propounded by defendant, including that the requests tracked the interrogatories, their responses to the requests for production were not provided until July 11, 2012, and July 13, 2012. Plaintiffs further state that the requested documents either were already produced, used as exhibits in a previous hearing, provided in their Initial Disclosures or, as a practical matter, readily available at Oxford's website. As plaintiffs have responded to the requests for production and provided an adequate explanation for its late production, the court will deny the motion to compel.

## 3. *Third Motion for Leave to Reset Discovery and Dispositve Motion Deadline*

In light of this court's ruling that defendant and Oxford may propound an additional ten (10) interrogatories each, and the district court's ruling dismissing plaintiff's motion for summary judgment without prejudice to refiling after completion of discovery, the court finds good cause to extend the present deadlines for discovery and dispositive motions, and will grant the motion.

Case 3:11-cv-00391-JJB-DLD   Document 79   09/28/12   Page 3 of 4

Accordingly,

**IT IS ORDERED** that defendant's motion to propound additional interrogatories is **GRANTED** in part as follows:

1. Oxford's answers to the first set of interrogatories is deemed sufficient.

2. Defendant and Oxford may propound an additional ten (10) interrogatories within fourteen (14) days of this Order, and any responses to that discovery are due within the statutory time limits.

3. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to compel and for sanctions is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's third motion for leave to extend or reset the discovery and motions deadlines is **GRANTED** as follows:

1. The deadline to complete discovery shall be **October 15, 2012**.

2. The deadline to file motions to compel discovery shall be filed by **October 29, 2012.**
3. The deadline to file dispositive motions shall be **January 4, 2013**.

4. No further extensions of time shall be granted without good cause first being shown.

Signed in Baton Rouge, Louisiana, on September 28, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**MAGISTRATE JUDGE DOCIA L. DALBY**